## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER S. HOOD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.** |
| | ) |
| | ) |
| **RYAN D. McCARTHY,** | ) |
| **Secretary of the Army,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

### Jurisdiction, Venue, Conditions Precedent

1. This is a suit for violation of the Rehabilitation Act.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 28 U.S.C. §§ 2201 and 2202.

3. The unlawful employment practices and acts of retaliation about which the Plaintiff complains were committed within Madison County, Alabama.

4. All conditions precedent have been met prior to the filing of this complaint. The Plaintiff has exhausted administrative remedies and timely filed this complaint.

### Parties

5. The Plaintiff, Christopher S. Hood presently resides in Shelby County, Alabama.

6. The Defendant, the Secretary of the Army, is the proper party-defendant and subject to suit in the federal courts of the State of Alabama.

1

## COUNT ONE

### DISABILITY DISCRIMINATION - REHABILITATION ACT

7. At all material times, the Plaintiff was employed by the Department of the Army Missiles Directorate, AMCOM Logistics Center at the Redstone Arsenal in Madison County, Alabama.

8. At all material times, the Plaintiff was a qualified individual with a disability and entitled to the protection of the Rehabilitation Act.

9. On February 27, 2019, the Plaintiff met with the Inspector General (the "IG") designee over his employment unit in which he opposed what he reasonably believed to be discrimination on the basis of his disability and discussed requesting a reasonable accommodation.

10. Plaintiff's meeting with the IG in which he to opposed discrimination and sought a reasonable accommodation constitutes protected activity under the Rehabilitation Act.

11. On February 27, 2019, the Plaintiff submitted a request for reasonable accommodation to his supervisor, Nicholas Strain, pursuant to his rights under the Rehabilitation Act.

12. Plaintiff's request for reasonable accommodation constitutes protected activity pursuant to the Rehabilitation Act.

13. The following day, on February 28, 2019, Strain submitted a request to upper management that Plaintiff be terminated from employment.

14. Strain's February 28, 2019 request to terminate the Plaintiff's employment was unjustified and was retaliation for the Plaintiff's protected activity in requesting a reasonable accommodation and/or meeting with the IG to oppose discrimination made unlawful under

2

the Rehabilitation Act.

15. Less than a week later, on March 6, 2019, Strain denied the Plaintiff's request for reasonable accommodation.

16. Neither Strain nor any other Army employee engaged in an interactive discussion with the Plaintiff regarding his request for accommodation before denying it.

17. The following day, on March 7, 2019, Strain notified the Plaintiff that he would be terminated from employment effective March 11, 2019.

18. The Plaintiff was terminated from employment on March 11, 2019.

19. The Plaintiff's termination from employment was unjustified and was retaliation for his engagement in activity protected pursuant to the Rehabilitation Act.

20. The denial of the Plaintiff's request for reasonable accommodation constitutes unlawful discrimination in violation of the Rehabilitation Act.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against the Defendant for unlawful disability discrimination, pursuant to an Order by which the Court:

(a) awards injunctive relied in the form of reinstatement and the grant of Plaintiff's request for accommodation or front pay;

(b) awards damages for mental anguish;

(c) awards that relief which is fair, reasonable and just;

(d) awards attorney's fees; and

(e) taxes costs against the Defendant.

## COUNT TWO

## UNLAWFUL RETALIATION - REHABILITATION ACT

21. At all material times, the Plaintiff was employed by the Department of the Army Missiles Directorate, AMCOM Logistics Center at the Redstone Arsenal in Madison County, Alabama.

22. At all material times, the Plaintiff was a qualified individual with a disability and entitled to the protection of the Rehabilitation Act.

23. On February 27, 2019, the Plaintiff met with the Inspector General (the "IG") designee over his employment unit in which he opposed what he reasonably believed to be discrimination on the basis of his disability and discussed requesting a reasonable accommodation.

24. Plaintiff's meeting with the IG in which he opposed discrimination and sought a reasonable accommodation constitutes protected activity under the Rehabilitation Act.

25. On February 27, 2019, the Plaintiff submitted a request for reasonable accommodation to his supervisor, Nicholas Strain, pursuant to his rights under the Rehabilitation Act.

26. Plaintiff's request for reasonable accommodation constitutes protected activity pursuant to the Rehabilitation Act.

27. The following day, on February 28, 2019, Strain submitted a request to upper management that Plaintiff be terminated from employment.

28. Strain's February 28, 2019 request to terminate the Plaintiff's employment was unjustified and was retaliation for the Plaintiff's protected activity in requesting a reasonable accommodation and/or meeting with the IG to oppose discrimination made unlawful under

4

the Rehabilitation Act.

29.   Less than a week later, on March 6, 2019, Strain denied the Plaintiff's request for reasonable accommodation.

30.   Neither Strain nor any other Army employee engaged in an interactive discussion with the Plaintiff regarding his request for accommodation before denying it.

31.   The following day, on March 7, 2019, Strain notified the Plaintiff that he would be terminated from employment effective March 11, 2019.

32.   The Plaintiff was terminated from employment on March 11, 2019.

33.   Prior to terminating him, Strain was aware of Plaintiff's protected activity.

34.   The Plaintiff's termination from employment was unjustified and was retaliation for his engagement in activity protected pursuant to the Rehabilitation Act.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against the Defendant for unlawful retaliation, pursuant to an Order by which the Court:

(a) awards back pay, plus interest;

(b) awards injunctive relief in the form of reinstatement or front pay;

(c) awards damages for mental anguish;

(d) awards that relief which is fair, reasonable and just;

(e) awards attorney's fees; and

(f) taxes costs against the Defendant.

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.**

_s/Adam P. Morel_
Adam P. Morel
**ATTORNEY FOR PLAINTIFF**

5

**OF COUNSEL:**

**LAW OFFICES OF ADAM MOREL, P.C.**
Post Office Box 190250
Birmingham, AL 35219
*Telephone:* (205) 252-8841
*Facsimile:* (205) 822-6197
*Email:* adam@morellawfirm.com